UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-80207-ALTMAN

**NICHOLAS ANDERSON**,

    *Plaintiff*,

*v.*

**RIC BRADSHAW, SHERIFF OF
PALM BEACH COUNTY**,

    *Defendant*.

_____/

## ORDER

In his *pro se* Complaint under 42 U.S.C. § 1983, our Plaintiff, Nicholas Anderson, accuses Sheriff Ric Bradshaw of "failing to intervene to prevent a violation of the [Interstate Agreement on Detainers ('IADA')]." Complaint [ECF No. 1] at 4. Anderson alleges that he has been "held in the Palm Beach County Jail for a [probation violation] due to a pending unrelated charge in the State of Georgia" since March 31, 2023. *Id.* at 3. On July 26, 2023, Anderson "filed a request under the [IADA]" to be extradited to Georgia "so he may resolve his unrelated pending charges first before dealing with his [violation of probation]." *Id.* at 4. Sheriff Bradshaw, Anderson says, ignored this request (and the requirements of the IADA) by continuing to detain him at the Palm Beach County Jail. *See id.* at 5 ("Further incarceration constituted deliberate indifference to the Plaintiff's liberty . . . Ric Bradshaw refusing request by Plaintiff denied Plaintiff due process of law[.]" (errors in original)). As relief, Anderson demands his immediate release from the Palm Beach County Jail and damages for the deprivation of his rights under the IADA. *See id.* at 7–8.[1]

---

[1] Violations of the IADA *can* be redressed in a § 1983 action. *See Cuyler v. Adams*, 449 U.S. 433, 450 (1981) ("Respondent Adams has therefore stated a claim for relief under 42 U.S.C. § 1983 for the asserted violation by state officials of the terms of the Detainer Agreement.").

After reviewing Anderson's allegations, we find that he's failed to state a viable claim because the IADA hasn't been violated. And, to the extent Anderson is suggesting that his current detention at the Palm Beach County Jail violates the Constitution, he cannot advance that claim in a § 1983 complaint. Nor would any such claim be cognizable in a petition under § 2241. *See Younger v. Harris*, 401 U.S. 37 (1971).

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In screening a prisoner's complaint, we must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In our Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this

2

standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft*, 556 U.S. 662.

**ANALYSIS**

Here are the facts as Anderson has presented them to us. Anderson was arrested for violating his probation on April 7, 2023. *See* Complaint at 3.[2] That arrest was based on an "unrelated charge" from Georgia. *Ibid.* Anderson then "filed a request under the IAD[A]" on July 26, 2023, asking to be extradited to Georgia to face that state's charge "before dealing with his [probation violation]" in Palm Beach County. *Id.* at 4. Anderson claims that the IADA gave Sheriff Bradshaw 180 days to extradite him to Georgia. *See ibid.* Since that 180-day period expired on January 12, 2024, Anderson insists that he is "entitled for immediate release." *Ibid.* (errors in original).

A detainer is "a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). The IADA was enacted "to encourage the expeditious and orderly disposition of charges outstanding against a prisoner and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." *United States v. Mauro*, 436 U.S. 340, 343 (1978) (cleaned up) (quoting 18 U.S.C. App. § 2, art. I). In our case, Anderson relies on Article III(a) of the IADA, which gives "a prisoner against whom a detainer has been filed" the right to "demand a speedy disposition of the charges giving rise to the detainer." *Id.* at 351. Once a prisoner tenders this demand, he must "be brought to trial within 180 days"; otherwise "'the court shall enter an order dismissing' the underlying charges." *Carchman v. Nash*, 473 U.S. 716, 743–44 (1985) (quoting 18 U.S.C. App. § 2, art. III(a)).

---

[2] The Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, previously found Anderson guilty of manslaughter and aggravated child abuse in Case No. 2008-CF-013229 and sentenced him "to a total term of imprisonment of fifteen years to be followed by a three-year term of probation." Report and Recommendation, *Anderson v. Jones*, No. 15-CV-81333 (S.D. Fla. July 8, 2016) (White, Mag. J.), ECF No. 21 at 2.

Anderson says that he demanded a speedy disposition under the IADA because he wants "to resolve his unrelated pending charges [in Georgia] first before dealing with his [probation violation]." Complaint at 4. And that makes sense. If he prevails in the Georgia case, after all, Anderson may well succeed in the probation proceedings here in Florida. Unfortunately, Anderson cannot use the IADA to interrupt his ongoing probation-violation case. Article III(a) of the IADA applies only to prisoners who have "*entered upon a term of imprisonment* in a penal or correctional institution." 18 U.S.C. App. § 2, Art. III(a) (emphasis added). In other words, the prisoner must be convicted in the sending state *before* he can request a speedy disposition of the charge in the receiving state. *See United States v. Tummolo*, 822 F. Supp. 1561, 1563 n.2 (S.D. Fla. 1993) (Moore, J.) ("The IADA does not apply to pretrial detainees." (citing *United States v. Fulford*, 825 F.2d 3, 11 (3d Cir. 1987))); *Manborde v. Suarez*, 2022 WL 2191638, at *6 (S.D. Fla. June 17, 2022) (Altman, J.) ("That's significant because the IADA only applies to prisoners who are serving a post-conviction sentence in a state or federal facility; it doesn't apply to pretrial detainees[.]" (citing *United States v. Currier*, 836 F.2d 11, 16 (1st Cir. 1987))).

While it's true that Anderson *served* a prison sentence in Florida and is now incarcerated for allegedly violating the probationary portion of that sentence, he's still considered a "pretrial detainee" under the IADA. That's because he's not currently serving "a term of imprisonment" and won't be serving one unless his probation is revoked and the state trial court recommits him to prison for violating the terms of that probation. *See Fulford*, 825 F.2d at 11 ("Moreover, the IADA applies only to individuals serving a term of imprisonment. . . . [The petitioner] was being held at the Allegheny County Jail as a Pennsylvania probation violator. As such, he was not subject to the provisions of the IADA." (citing *United States v. Dobson*, 585 F.2d 55, 58–59 (3d Cir. 1978))); *Dawes v. State*, 135 So. 3d 420, 423 (Fla. 5th DCA 2014) ("Article III of the IADA is clear that in order for a defendant to avail himself of the provision for speedy trial disposition, he must first be incarcerated in a state penal or correctional institution. If the legislative intent were to include both local and state facilities, the statute

would have so read."); *see also United States v. Paige*, 332 F. Supp. 2d 467, 473 (D.R.I. 2004) ("It is well established that a defendant who is detained pending parole revocation is not a prisoner serving a 'sentence of imprisonment' within the meaning of the [IADA]." (first citing *United States v. Saffeels*, 982 F.2d 1199, 1204 (8th Cir. 1992), *rev'd on other grounds*, 510 U.S. 801 (1993); and then citing *United States v. Reed*, 620 F.2d 709, 712 (9th Cir. 1980))). In short, "pretrial detainees" like Anderson aren't covered by the IADA, so Sheriff Bradshaw didn't violate Anderson's rights under the Constitution or federal law when he failed to honor Anderson's demand for a speedy disposition under Article III(a) of the IADA.

To the extent Anderson is arguing that his detention in the Palm Beach County Jail is illegal and that he must be released immediately, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). In other words, a person who believes that his state pretrial detention is unconstitutional may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

In the circumstances of our case, though, we decline to reconstrue the Complaint as a § 2241 petition because the *Younger* abstention doctrine would bar Anderson's claims either way. "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). *Younger* requires federal courts to "abstain if the state criminal prosecution commenced before any

proceedings of substance on the merits have taken place in federal court, or if the federal litigation is in an embryonic stage and no contested matter has been decided." *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (cleaned up). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004). Those exceptions apply *only* where "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 53–54).

The *Younger* abstention doctrine unquestionably applies on our facts because Anderson is being held in state custody pursuant to a pending probation-violation charge. *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Because the revocation proceeding was not final at the time Hale filed his complaint in the district court, *Younger* abstention still applies."); *Hughes*, 377 F.3d at 1262 ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief."); Complaint at 3 (admitting that Anderson is "being incarcerated on a [probation-violation] warrant").[3]

---

[3] We also take judicial notice of Anderson's state-court criminal docket, which shows that his probation-violation proceedings are still ongoing in the Fifteenth Judicial Circuit, Case No. 2008-CF-013229. Federal Rule of Evidence 201 allows us to take judicial notice of records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting FED. R. EVID. 201(b)). "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Ibid.* "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [the] district court." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). We'll therefore allow this Order to serve as notice of our intent to take judicial notice of the state-court docket—a copy of which will be attached to this Order. If Anderson objects to our decision to take judicial notice of these records, he may note that objection in a motion for reconsideration. Any such motion must be filed **within 28 days** of this Order and **may be no more than ten pages in length**. If the motion for reconsideration is late or exceeds **ten pages**, it will be stricken for non-compliance.

And, since Anderson doesn't allege that any of the three exceptions to *Younger* might apply, *see generally* Complaint, he's forfeited his right to rely on them, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on February 28, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Nicholas Travis Anderson, *pro se*